UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 5:14CR301 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| Clifford Cantwell, III, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are arguments from the parties regarding whether forfeiture of a residence located at 4707 Cleveland Avenue Southwest, Canton, OH is lawful herein.  The Court now resolves that issue.

The standard of proof used in criminal forfeiture cases is preponderance of the evidence. *United States v. Hall*, 411 F.3d 651, 654 (6th Cir. 2005).  21 U.S.C. § 881(a)(7) provides that real estate shall be subject to forfeiture if it is "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment."  Furthermore, 21 U.S.C. § 853(a) provides for a defendant to forfeit any property used to commit or facilitate a drug trafficking offense.  While a substantial nexus is required, that element is satisfied when real property is the location at which an illegal transaction occurs.  *See United States v. Coffman*, 364 Fed. Appx. 192, 193-94 (6th Cir. 2010).

During the hearing in this matter, the defendant Clifford Cantwell stipulated that one or two drug transactions occurred at the real property.  In addition, the investigating agents testified that co-defendant Jose Magueyal informed them that he had delivered drugs to that residence on

1

roughly ten occasions. Magueyal also indicated that he had delivered between two and ten ounces of heroin on each occasion.

Cantwell argued during the hearing that forfeiture was not appropriate because the use of the home was de minimus. The Court rejects this argument for several reasons. First, as noted above, the facts do not support such a statement. Magueyal indicated that he delivered drugs to the home on roughly 10 occasions. Further, given that Magueyal delivered two to ten ounces on each occasion, it strongly suggests that these sales were not simply for Cantwell's personal use. However, even assuming they were, the evidence suggests a substantial amount of heroin transactions took place within the home.

In addition, the agents testified that the home was surrounded by a fence that was opened to allow Magueyal to enter and closed behind them. An investigating agent surveilling the home indicated that because his vehicle sat low to the ground, the fence prohibited from seeing what occurred inside the property when he observed Magueyal enter. As such, the property gave the drug transactions "protection from outside scrutiny." *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003). As such, the Court finds no merit in the de minimus argument put forth by Cantwell. Furthermore, the Court finds a substantial connection between the property and the drug trafficking offenses. The residence, therefore, is subject to forfeiture.

In his post-hearing brief, Cantwell raises an argument that he had not previously presented to the Court. Specifically, Cantwell asserts that forfeiture of the property would constitute an excessive fine and violate the Eighth Amendment. The Government's response highlights that the maximum value of the property proposed by Cantwell is roughly $60,000. The guideline range for fines in this matter was $7,500 to $1,000,000. The forfeiture of the residence, therefore,

falls well within the fine guideline range. One circuit has noted that a forfeiture falling within that range carries with it a "near certainty" that it is not excessive. *United States v. 817 N.E. 29th Drive, Wilton Manors*, 175 F.3d 1304, 1309-10 (11th Cir. 1999). Even without such a "near certainty," the Court finds no Eighth Amendment issue. The home at issue facilitated roughly ten heroin transactions ranging from two to ten ounces. Forfeiture of that property is not grossly disproportionate to the gravity of those offenses. As such, the forfeiture creates no Eighth Amendment issue.

Based upon the above, the Court finds no merit in the arguments Cantwell has raised to oppose the forfeiture. The Government, therefore, may proceed with whatever steps are necessary to finalize forfeiture of the residence.

IT IS SO ORDERED.


March 2, 2016                                                */s/ John R. Adams*_____
Dated                                                                    JUDGE JOHN R. ADAMS
                                                                                United States District Judge

3